(Rev. 10/2002) General Document

# UNITED STATES DISTRICT COURT
## Southern District of Florida

Case Number: 0:14 cv 62728-JIC

Goodman production

_____
Plaintiff(s)

v.

John doe Subscriber
Assigned IP
65.34.211.147

_____
Defendant(s)

_____
*(TITLE OF DOCUMENT)*

I, Jimmy Alcimbert, plaintiff or defendant, in the above styled cause, wish to have this case dismissed and vacate. from this disalved corp.

(Rev. 10/2002) General Document

**Certificate of Service**

I _Jimmy Alcimbert_, certify that on this date _2-17-15_ a true copy of the foregoing document was mailed to: _____
name(s) and address(es)

By:
_Jimmy Alambert_
Printed or typed name of Filer

_[signature]_
Signature of Filer

Florida Bar Number

E-mail address

_954-861-2654_
Phone Number

Facsimile Number

_1912 NW 58 terrance_
Street Address

_Lauderhill FL 33313_
City, State, Zip Code

*Dismissed*

| DISS STK | D1273314 |
|---|---|



# State of California
## Secretary of State

360 4436

**Domestic Stock Corporation**
**Certificate of Dissolution**

There is no fee for filing a Certificate of Dissolution.

**IMPORTANT** – Read instructions before completing this form.

FILED
Secretary of State
State of California

**DEC 3 1 2014**

This Space For Filing Use Only

**Corporate Name** (Enter the name of the domestic stock corporation exactly as it is of record with the California Secretary of State.)

1. Name of corporation

   **GOOD MAN PRODUCTIONS INC.**

**Required Statements** (The following statements are required by statute and should not be altered.)

2. A final franchise tax return, as described by California Revenue and Taxation Code section 23332, has been or will be filed with the California Franchise Tax Board, as required under the California Revenue and Taxation Code, Division 2, Part 10.2 (commencing with Section 18401). The corporation has been completely wound up and is dissolved.

**Debts & Liabilities** (Check the applicable statement. Note: Only one box may be checked.)

3. [X] The corporation's known debts and liabilities have been actually paid

   [ ] The corporation's known debts and liabilities have been paid as far as its assets permitted

   [ ] The corporation's known debts and liabilities have been adequately provided for by their assumption and the name and address of the assumer is _____

   [ ] The corporation's known debts and liabilities have been adequately provided for as far as its assets permitted.
   (Specify in an attachment to this certificate (incorporated herein by this reference) the provision made and the address of the corporation, person or governmental agency that has assumed or guaranteed the payment, or the name and address of the depositary with which deposit has been made or other information necessary to enable creditors or others to whom payment is to be made to appear and claim payment.)

   [ ] The corporation never incurred any known debts or liabilities

**Assets** (Check the applicable statement. Note: Only one box may be checked.)

4. [X] The known assets have been distributed to the persons entitled thereto

   [ ] The corporation never acquired any known assets.

**Election** (Check the "YES" or "NO" box, as applicable. Note: If the "NO" box is checked, a Certificate of Election to Wind Up and Dissolve pursuant to Corporations Code section 1901 must be filed prior to or together with this Certificate of Dissolution.)

5. The election to dissolve was made by the vote of all the outstanding shares. [X] YES [ ] NO

**Verification & Execution** (If additional signature space is necessary, the dated signature(s) with verification(s) may be made on an attachment to this certificate. Any attachments to this certificate are incorporated herein by this reference.)

6. The undersigned constitute(s) the sole director or a majority of the directors now in office. I declare under penalty of perjury under the laws of the State of California that the matters set forth in this certificate are true and correct of my own knowledge.

12/22/14
Date

_____
Signature of Director

**PHILLIP B. GOLDFINE**
Type or Print Name of Director

_____
Signature of Director

_____
Type or Print Name of Director

_____
Signature of Director

_____
Type or Print Name of Director

DISS STK (REV 01/2013)

APPROVED BY SECRETARY OF STATE

Results of search for " GOOD MAN PRODUCTIONS " returned 2 entity records.

| Entity Number | Date Filed | Status | Entity Name | Agent for Service of Process |
|---|---|---|---|---|
| C3743863 | 01/16/2015 | ACTIVE | **GOOD MAN PRODUCTIONS, INC.** | BRYAN SEXTON |
| C3604436 | 09/18/2013 | DISSOLVED | **GOOD MAN PRODUCTIONS, INC.** | BRYAN SEXTON |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM DIVISION

CASE NO. 9:14-cv-81507-KAM

GOOD MAN PRODUCTIONS, INC.,

    Plaintiff,

v.

JOHN DOE, subscriber assigned IP address 71.196.86.255,

    Defendant.

### JOHN DOE'S OMNIBUS MOTION AND INCORPORATED MEMORANDUM OF LAW THAT THE COURT: (1) RECONSIDER ITS ORDER GRANTING EARLY DISCOVER; (2) ISSUE AN ORDER TO SHOW CAUSE; (3) DISMISS ACTION; (4) QUASH OUTSTANDING NON-PARTY SUBPOENA; AND (5) ENTER A PROTECTIVE ORDER

COMES NOW, undersigned counsel and makes a special and limited appearance on behalf of "John Doe, subscriber assigned IP address 71.196.86.255" (hereafter "JOHN DOE") solely for purposes of moving this Honorable Court to (1) *reconsider* its order granting early discovery; (2) *issue* an order to show cause (3) *dismiss* this action; (4) *quash* the non-party subpoena or in the alternative *enter* a protective order.

### I. INTRODUCTION AND SUMMARY

On December 2, 2014, Plaintiff GOOD MAN PRODUCTIONS, INC. ("GMP") filed a complaint alleging copyright infringement against a JOHN DOE having a subscriber assigned IP address 71.196.86.255.  GMP has alleged that it used geolocation technology to trace a physical address to the location where a computer on JOHN DOE's computer network is further alleged to have committed acts of copyright infringement.  However, GMP has not alleged in this case that JOHN DOE is the person or entity that committed the copyright infringement, which leaves this Court to guess at whether jurisdiction is proper in this district.

This Court granted Plaintiff's Motion for Leave to Serve Third Party Subpoena Prior to a Rule 26(f) Conference [DE 7].  The Movant respectfully requests that the Court reconsider its decision granting early discovery [DE 7], issue an order to show cause, dismiss this action, quash the outstanding subpoenas, and enter a protective order.

### II. ORDER GRANTING EARLY DISCOVERY SHOULD BE VACATED

In general, early discovery is normally barred prior to the Rule 26(f) conference, absent a showing of *"good cause"*. *MALIBU MEDIA, LLC v. Doe*, No. 2: 14-cv-511-FtM-38CM (M.D. Fla. Sept. 27, 2014).  "The court may however issue a Rule 45 subpoena to discover a Doe defendant's identity, prior to a Rule 26(f) conference, where a plaintiff makes a prima facie showing of infringement, there is no other way to identify the Doe Defendant." *Id.*

In determining whether good cause exists, this Court should consider whether:

> (1) the plaintiff can identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court; (2) the plaintiff has identified all previous steps taken to locate the elusive defendant; (3) the plaintiff's suit against defendant could withstand a motion to dismiss; and (4) the plaintiff has demonstrated that there is a reasonable likelihood of being able to identify the defendant through discovery such that service of process would be possible.

actually downloading and viewing Plaintiff's videos, and establishing whether that person [lived] in the district." *Id.*

The Court went on to articulately state that even if the identified "IP address is located within a residence, the geolocation software cannot identify who has access to that resident's computer and who would actually be using it to infringe Plaintiff's copyright." *Id.* at page 2.

In the instant case, JOHN DOE is seventy-four and a half (74-1/2) years old. *See* Exhibit "C" at ¶ 4. Like many older persons in today's society, JOHN DOE does not use the internet or even know what a bit Torrent is. *Id.* Furthermore, JOHN DOE is Spanish, speaks poor English, and does not use a computer, let alone download, upload, or watch movies from a computer. *Id.* at ¶¶ 5-8.

JOHN DOE lives with a spouse (hereafter "SPOUSE") and two children (hereafter "CHILD 1" and "CHILD 2"). *Id.* at ¶¶ 9. SPOUSE has late stages of Alzheimers and requires regular care of others. *Id.* at ¶ 10. SPOUSE regularly has visitors to care for him/her. *Id.* CHILD 1 is severally mentally retarded and therefore requires the care from others. *Id.* at ¶ 11. CHILD 2 is severally disabled with mental disability. *Id.* at ¶ 12. To make matters worse, JOHN DOE is in bad health due to a recent bout with cancer and the combination of his/her health and age makes him/her unable to care for the family. *Id.* at ¶ 13. Because of JOHN DOE cannot provide adequate care for SPOUSE, CHILD 1, and CHILD 2, many other persons including medical professions, neighbors, cleaning professionals and their teenage children, and others regularly enter the home for lengthy periods of time and have access to the internet. *Id.* at ¶ 13.

*SKOUT, INC. v. JEN PROCESSING, LTD*, No. 14-cv-02341-JSC (N.D. Cal. Aug. 7, 2014); *PATRICK COLLINS, INC. v. JOHN DOES 1-54*, No. CV-11-1602-PHX-GMS (D. Ariz. Mar. 19, 2012); *Murphy v. THE INTERNATIONAL DRUIDIC SOCIETY*, Civil Action No. 13-511 (E.D. Pa. June 28, 2013). In the instant case, Plaintiff has not: (1) identified the missing party with sufficient specificity; (2) identified all previous steps taken to locate the allegedly elusive defendant; or (3) demonstrated that a reasonable likelihood of identifying the defendant through discovery such that service of process would be possible.

Most recently, this Federal District has held that "[t]here is nothing that links the IP address location to the identity of the person actually downloading and viewing Plaintiff's videos, and establishing whether that person lives in this district." *Malibu Media v. John Doe*, 14-cv-20213-UNGARO, D.E. No. 10 (The Order has been attached herewith as Exhibit "A"). In a similar and subsequent Order handed down in this Federal District, the Court denied Plaintiff's request to serve a third-party subpoena relating to a John Doe defendant prior to a Rule 26(f) conference, noting that "federal courts are not cogs in a plaintiff's copyright enforcement business model." Malibu Media, LLC v. John Doe subscriber assigned IP address 50.143.69.168, 14-cv-20216-MORENO (The Order has been attached herewith as Exhibit "B").

This Court has the authority to change its mind pursuant to Fed. R. Civ. P. 54(b) and reconsideration is appropriate in this case. In a similar case, the Honorable Ursula Ungaro stated in her Order that while "geolocation software can provide a location for an infringing IP address" the Plaintiff in that case failed to show "how geolocation software can establish the identity of the Defendant." *Malibu Media v. John Doe,* 14-cv-20213-UNGARO, D.E. No. 10 (Exhibit A). Specifically, "there [was] nothing that links the IP address location to the identity of the person

In this particular case, there is nothing about the IP address that identifies the person actually downloading and viewing Plaintiff's video. *Id.* at ¶ 15. Nor does the IP address establish whether the person that did lives in this District. *Id.*

### III.     ENTRY OF A PROTECTIVE ORDER

The Federal Rules of Civil Procedure empower courts to enter a protective order upon a demonstration of "good cause" in order to protect a party from annoyance, embarrassment, oppression or undue burden or expense. Fed. R. Civ. P. 26(c); *See MALIBU MEDIA, LLC v. JOHN DOES 1-15*, Civil Action No. 12-2077 (E.D. Pa. Aug. 13, 2012) (Requiring articulated reasoning and substantiated specific examples). In the instant case, JOHN DOE is annoyed and embarrassed that JOHN DOE's internet is alleged to have been used to commit copyright infringement. JOHN DOE is further annoyed and embarrassed this case catapults JOHN DOE's family struggles into the public eye, with each struggling with serious medical conditions, as outlined in Exhibit C. Their medical conditions will more likely than not to became important should the litigation proceed forward.

In one case, "Plaintiff's counsel estimated that 30% of the names turned over to the ISP's are not those of the individuals who actually downloaded or shared copyrighted material." Digital Sin, Inc. v. Does 1-176, -- F.R.D. --, 2012 WL 263491, at *3 (S.D.N.Y. Jan. 30, 2012). As evidenced by Exhibit C, JOHN DOE is no exception. Due to the fact that JOHN DOE is basically computer illiterate and not the copyright infringer alleged, as well as to protect JOHN DOE from significant annoyance and embarrassment, this Court ought to protect JOHN DOE and require that any information that identifies JOHN DOE from information obtained via the ISP/Comcast be maintained under seal and not publicly disclosed.

**WHEREFORE**, for the foregoing reasons, Defendant, JOHN DOE, respectfully requests that this Honorable Court Enter an Order:

A. GRANTING this Motion;

B. DISMISSING the instant case, or, in the alternative, ISSUING an order requiring GOOD MAN PRODUCTIONS, INC. to show cause why this Court should rely on geolocation services in this instance to establish the Defendant's identity and location in this District, as well as why the Southern District of Florida is an appropriate venue for this case;

C. QUASHING the outstanding subpoena seeking JOHN DOE's identity, or, in the alternative, ISSUING a protective order protecting the same and allowing JOHN DOE to proceed anonymously;

D. VACATING this Court's Order granting Plaintiff leave to serve third-party subpoenas; and

E. Any other relief as is just and proper.

Dated: January 22, 2015

Respectfully submitted,

By: s/Matthew Sean Tucker
Matthew Sean Tucker
Florida Bar No. 90047
Tucker IP
2515 Marina Bay Drive West, No. 202
Fort Lauderdale, FL 33312
Telephone: (954) 204-0444
Facsimile: (954) 358-4946
mtucker@tuckeriplaw.com
*Attorney for Plaintiff*

## CERTIFICATE OF GOOD-FAITH CONFERENCE

I hereby certify that undersigned counsel for the Movant has conferred with opposing counsel, or has made reasonable efforts to confer under the circumstances with opposing counsel but has been unable to do so, specifically including telephone calls and emails.

> By: s/Matthew Sean Tucker
> Matthew Sean Tucker
> Florida Bar No. 90047

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

> By: s/Matthew Sean Tucker

**SERVICE LIST:**

**VIA CM/ECF**
M. Keith Lipscomb
LIPSCOMB EISENBERG & BAKER, PL
2 South Biscayne Blvd.
Penthouse 3800
Miami, FL 33131
Telephone: 786-431-2228
Facsimile: 786-431-2229

**VIA FAX**
Comcast
Attn: Comcast Legal Response Center
650 Centerton Road
Moorestown, NJ 08057
Telephone: 866-947-8572
Facsimile: 866-947-5587